## HOLLAND v. EVANS.

No. 22951.   Nov. 13, 1934.

Rehearing Denied Jan. 8, 1935.

W. W. Pryor and G. O. Wallace, for plaintiff in error.

Anglin & Stevenson and Warren & Warren, for defendant in error.

PER CURIAM. This is a suit brought on direction of a bankruptcy court by O. S. Evans, as trustee of T. L. Holland and H. P. Holland, bankrupts, against H. L. Holland, their father, to set aside the transfers of certain real and personal property from the bankrupts to H. L. Holland, on the ground that the transfers were fraudulent as to creditors. The transfers were made in February, 1928. The voluntary petitions in bankruptcy of both bankrupts were filed in January, 1929.

The defendant claims that there was consideration for the transfers.

The case was tried to the court without a jury, and findings of fact were made by the court that the transfer was without consideration and therefore fraudulent. The judgment of the court was that H. L. Holland transfer the property to the trustee in bankruptcy. During the suit H. L. Holland died and an executor took his place, but the suit continues in his name.

The evidence is that the father advanced money to his sons, at the time they purchased the property in question, but how much is not shown. Nor is it shown that the money so advanced was the full consideration paid by the bankrupts when they purchased the property in question. Nor is there any evidence that the money advanced was a loan, gift or advancement on their interest in their father's estate.

Assuming that the property was purchased by the bankrupts with money advanced by their father, in view of the rule that where a father pays consideration for a purchase of property and title is taken in the name of the son, a gift is presumed (Daniel v. Sisnero (Cal.) 292 P. 518), the record cannot be said to support the claim of H. L. Holland that this property was taken by the sons to be held in trust for himself. The only consideration alleged for the transfers to the father is that the sons held the property in trust for him, and were obligated to convey to him. In the face of the adverse presumption of law the record does sustain the claim.

Section 5271, C. O. S. 1921 (9697, O. S. 1931), provides:

"Every conveyance of real estate or any interest therein, and every mortgage or other instrument in any way affecting the same, made without a fair and valuable consideration or made in bad faith, or for the purpose of hindering, delaying or defrauding creditors, shall be void as against all persons to whom the maker is at the time indebted or under any legal liability."

Section 6021, O. O. S. 1921 (10008, O. S. 1931), provides that every transfer of personal property by a person in possession not accompanied by an immediate delivery is conclusively fraudulent and void as against creditors.

The bankrupts were indebted to the creditors in bankruptcy at the time of the transfers to their father.

In the case of the transfers of the real estate, the deed was placed on record the day after it was executed; but, as to the personal property, the evidence shows that it continued in the possession of the bankrupts.

In view of these statutes it must be held that, under the evidence as shown in the record, the transfers by T. L. and H. P. Holland to H. L. Holland, their father, of the real and personal property described in the petition was void, and the trustee in bankruptcy should recover that property for the benefit of the creditors of the bankrupts.

The judgment of the district court should, therefore, be affirmed, and it is so ordered.

The Supreme Court acknowledges the aid of Attorneys Philip Kates, J. A. McCollum, and W. Lee Johnson in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Kates and approved by Mr. McCollum and Mr. Johnson, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.